## UNITED STATES v. A. STEINHARDT & BRO.

### (Circuit Court, S. D. New York. February 17, 1892.)

### No. 620.

CUSTOMS DUTIES—CLASSIFICATION—GARTERS—WEARING APPAREL.

　　Garters are included within the term "wearing apparel" in Tariff Act Oct. 1, 1890, c. 1244, § 1, Schedule L, par. 413, 26 Stat. 598.

On Application for Review of a Decision of the Board of United States General Appraisers.

Affirmed 4 C. C. A. 679.

The decision below (G. A. 974, T. D. 12,112) reversed the assessment of duty by the collector of customs at the port of New York on goods imported by A. Steinhardt & Bro., consisting of elastic garters, composed in chief value of silk. The collector subjected them to the duty provided in paragraph 413, Schedule L, § 1, c. 1244, Tariff Act Oct. 1, 1890, 26 Stat. 598, for "articles of wearing apparel of every description, * * * of which silk is the component material of chief value," and to the additional duty prescribed in the proviso of said paragraph for "all such * * * articles of wearing apparel when composed in part of India rubber." The importers contended that they should have been classified under paragraph 414, 26 Stat. 598, relating to "all manufactures * * * of which silk is the component material of chief value."

Paragraph 412, 26 Stat. 598, referred to in the opinion below, relates to "suspenders, braces," etc., "of which silk is the component material of chief value."

Charles Duane Baker, Asst. U. S. Atty.

Curie, Smith & Mackie, for importers.

WALLACE, Circuit Judge. I shall sustain the collector's classification in this case, principally because of the effect which I think should be attributed to paragraph 412, Tariff Act Oct. 1, 1890, c. 1244, § 1, Schedule L, 26 Stat. 598. Now, by paragraph 414, this article would be

subject to 50 per cent. ad valorem duty, if it were not included under the enumeration "wearing apparel" in paragraph 413. The same would be true of suspenders and braces, probably, which are mentioned in paragraph 412. Congress, I think, by that paragraph has evidenced an intention of excepting some analogous articles out of the wearing-apparel clause, and they deemed it necessary to particularly specify suspenders, an article more clearly analogous to garters than perhaps anything else we can think of. If it had not been for paragraph 412, it might have been argued perfectly well that suspenders, like garters, were a part of wearing apparel, and therefore should be subject to 50 per cent. duty. It is a close question; but I think, taking the three sections together, I must hold that it was the legislative intent to include in "wearing apparel" articles similar to suspenders and garters.